MaddeN, Judge,
delivered the opinion of the court:
The Government has demurred to the plaintiff’s petition. The petition contains six counts. The first count recites that for seven years ending on December 4,1947, the plaintiff, a World War I veteran, was employed at Bozeman, Montana, part of the time as clerk and later as assistant head of the Audit Section of the Agricultural Adjustment Administration and the Montana State Office of the Production and Marketing Administration of the Department of Agriculture. He says that on December 4, 1947, he was laid off from his employment on the pretended ground that there were insufficient appropriated funds to pay his salary when in fact there were sufficient funds. He sues for his salary for the remainder of the fiscal year 1947, i. e., to June 30, 1948.
The Government demurs to the plaintiff’s first count upon several grounds. We consider only one of these grounds, viz, that the plaintiff has failed to exhaust his administrative remedies before seeking judicial relief. Sections 11 and 12 of the Veterans’ Preference Act of June 27, 1944, 5 U. S. C. 860, 861, provide:
11. The Civil Service Commission’is hereby authorized to promulgate appropriate rules and regulations for the administration and enforcement of the provisions of this chapter.
12. In any reduction in personnel in any civilian serv-
ice of any federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings; * * *
Pursuant to the statute, the Civil Service Commission promulgated comprehensive regulations, 5 CFB> 1944,1945,1946 Supps., Sections 12.301 to 12.314, inclusive. Section 12.313 is, in part, as follows:
*180 Any employee who feels that there has been a violation of his rights under Sections 12.301 to 12.314, inclusive, may appeal to the appropriate office of the Civil Service Commission within 10 days from the date he-received his notice of the action to be taken. This time limit may be extended only upon a showing by the employee that circumstances beyond his control prevented him from filing his appeal within the prescribed ten days.
The plaintiff did not, so far as appears, make use of this, opportunity to obtain a decision from the agency that had written the regulations. If he had done so, perhaps litigation would have been avoided. If not, the administrative decision would have been enlightening to a court called upon to interpret the statute and the regulations. See Aircraft and Diesel Equipment Corp. v. Hirsch, 331 U. S. 152.
We conclude, as did the United States Court of Appeals for the Seventh Circuit in the comparable case of Johnson v. War Assets Administration, 171 F. (2d) 556, that the Government’s demurrer to the first count of the petition should be sustained.
In the second count of the plaintiff’s petition he alleges that, while he was on involuntary leave from his employment, he broke his arm on September 22, 1947, and was ordered back to work on October 4, 1947, before the arm had sufficiently healed. He says that he went back to work fearing that if he objected to doing so he would be discharged, and that as a result of his using his arm before it healed, it became permanently crippled.
In the sixth count of his petition, the plaintiff alleges that in 1942 he complained to the Washington office of the Agricultural Adjustment Administration about his rating and salary, and secured the rerating of his position and an increase in his salary, by a representative who came from the Washington office. He says that shortly thereafter he was forbidden by a representative of the agency’s office in Montana to write to the Washington office on any subject whatever. He says that he was thereby deprived of his legal rights, to his damage.
*181 The Government demurs to the second and sixth counts of the petition on the ground that any causes of action which they may state sound in tort, and that this Court has no original jurisdiction of actions sounding in tort. The Government’s position is correct. 28 U. S. C. 1491, 1504. The demurrer to the second and sixth counts of the petition is sustained.
In the third count of his petition, the plaintiff alleges that in 1944 he prevailed upon the State office of his agency in Montana to require Farm Plans to be submitted to him for audit before applications for payment were approved. He says that as a result of these audits he eliminated ineligible and duplicated claims and saved the Government $250,000. ■In his fourth count the plaintiff says that he discovered an error in the Montana State bulletins of his agency for 1944 and 1945, which error had enabled farmers to collect for the planting of sweet clover as permanent pasturage, which it was not, and again for plowing it under as green manure. He says that his discovery of the error enabled him to detect duplications in claims and that he thereby saved the Government $16,000.
In both the third and fourth counts of his petition, the plaintiff is claiming a bonus from the Government for having performed services which were over and above the accepted responsibilities of his employment. The Act of August 2, 1946, 60 Stat. 809, 5 U. S. C. 116a, authorizes the heads of departments, under such rules and regulations as the President may prescribe, to pay cash awards to civilian officers and employees who make meritorious suggestions resulting in improvement or economy in the operation of the departments, if the suggestion does not represent a part of the normal requirements of the duties of the position of the person making the suggestion. The President issued regulations which appear in 5 CFE, part 32; 12 F. E. 2905. Section 32.1 of 5 CFE provides that a suggestion should make a civilian officer or employee eligible for a cash award, if the suggestion, “in the judgment of the department head or other duly authorized officer in the department, has resulted *182 or will result in improvement or economy * * Section 32.7 of the regulations says, as does the statute, that no award shall be paid for a suggestion which represents a part of the normal requirements of the position of the one making the suggestion.
The plaintiff’s claims for bonuses were considered by the department and denied. We think the statute authorizing awards for useful suggestions, and delegating to the President the power to issue regulations about this subject, contemplated that the head of the department should have a considerable discretion in deciding whether or not an award was justified. The regulations themselves, as we have seen, submit the question to the “judgment of the department head.” There is much reason for not submitting such claims to litigation. We do not decide whether or not the question could, under any circumstances, be litigated. But where, as here, the officer’s claim was, so far as appears, fairly considered, though denied, we think there is no ground for suit. The Government’s demurrer to the third and fourth counts will, therefore, be sustained.
In the fifth count of his petition, the plaintiff claims a lump sum of $666.80 for forty days of accumulated sick leave which he had at the time his employment was terminated. The Act of March 14, 1936, C. 141, 49 Stat. 1162, in Section 1, 5 U. S. C. 30f, provides for sick leave for Government employees, and Section 30k of 5 U,. S. C. says:
The leave of absence provided for in sections 30-f-30k and 30m of this title shall be administered under such regulations as the President may prescribe, so as to obtain, as far as practicable, uniformity in the application of said sections.
The regulations are found in 5 CFR, part 30. Section 30.305 requires a medical certificate or other evidence of actual illness to support a request for sick leave. Neither the statute nor the regulations issued by the President indicate in any way that a lump-sum payment may be made for unused sick leave. The Administrative Regulations of the Department of Agriculture, expressly provide in 8 AR 1079c (6) “No lump sum payment may be made for sick leave.” *183 We are aware of no legal basis for a claim for such, a payment. We therefore sustain the demurrer to the fifth count of the petition.
Since none of the several counts of the petition states a cause of action, the petition will be dismissed. It is so ordered.
Howell, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.