**William H. HEFFERNAN, Jr.,**

v.

**The UNITED STATES.**

No. 313-53.

United States Court of Claims.
Jan. 31, 1956.

William H. Heffernan, Jr., pro se.

Edgar H. Brenner, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff, an employee in the classified service, sues to recover pay which he alleges is due him as a result of an illegal demotion. Defendant has answered and moved for summary judgment.

Plaintiff, a veteran of World War I, alleges that he was illegally demoted from Quarterman Machinist to Leadingman Machinist at the Naval Underwater Ordnance Station at Newport, Rhode

**438**

Island. He also alleges that the "Circuit Court of Appeals has ruled that such demotions were in violations [sic] of the Veterans' Preference Act of 1944 * *." Affidavits and exhibits attached to the Government's motion show that plaintiff's demotion was incident to a reduction in force; that he was advised of his right to appeal to the Civil Service Commission within 30 days of receipt of his notification of proposed action; and that his personnel records do not indicate that he initiated any appeal to the Civil Service Commission to contest the demotion.

Since plaintiff's demotion was incident to a reduction in force, we must look, in the first instance to section 12 of the Veterans' Preference Act of 1944, 58 Stat. 387, 390, 5 U.S.C.A. §§ 851 et seq., 861. That section provides, in part:

"Sec. 12. In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations * * *."

The Civil Service Commission regulations applicable to reductions in force at the time of plaintiff's demotion are set forth in 5 C.F.R. Chapter I, Part 20 (1947 Supp.). Section 20.13 of Part 20 provides, in part:

"§ 20.13 *Appeals.* Any employee who feels that there has been a violation of his rights under the regulations in this part may appeal to the appropriate office of the Civil Service Commission within 10 days from the date he received his notice of the action to be taken. This time limit may be extended only upon a showing by the employee that circumstances beyond his control prevented him from filing his appeal within the prescribed 10 days. * * *"

Since plaintiff had a readily available administrative remedy, he was required to resort to it before invoking the aid of this court. Martilla v. United States, 118 Ct.Cl. 177; Johnson v. War Assets Administration, 7 Cir., 171 F.2d 556. Such administrative appeal would, of course, be unnecessary if the Circuit Court of Appeals had ruled in plaintiff's own particular case that his demotion had been illegal. But we do not construe plaintiff's pleadings to so allege. Defendant's motion is granted and the petition is dismissed.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.