John A. ADLER et al.
v.
The UNITED STATES.
Raymond BORRIELLO et al.
v.
The UNITED STATES.
Reuben T. GOLDBLATT et al.
v.
The UNITED STATES.
Elmer A. JOHNSON et al.
v.
The UNITED STATES.

Nos. 266-53, 465-53, 522-53, 640-53.

United States Court of Claims.
March 6, 1956.

John I. Heise, Jr., Washington, D. C., for plaintiffs. Leonard J. Meiselman, New York City, and Shea, Greenman, Gardner & McConnaughey, Washington, D. C., were on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

The plaintiffs in the above styled cases were supervisory employees at the New York Naval Shipyard, Brooklyn, New York. Upon the termination of World War II, quite a number of employees of the shipyard were discharged, which resulted in an excess number of supervisory employees, necessitating a reduction in the force of these supervisory employees. Plaintiffs were demoted incident to this reduction in force. They were veterans and were, therefore, preference eligibles.

The Commissioner of this court reports that as to 15 of these plaintiffs it has been stipulated that "at least one competing non-veteran with lower retention rights was retained by the Navy Department in each plaintiff's grade." The Commissioner also reports that it has been stipulated that as to these 15 they "did not appeal their demotions to the Civil Service Commission." The names of these employees are as follows:

John R. Baker.

William J. Bradshaw.

William L. Campbell.

Fred W. Gruber.

Charles E. Kircher.

Edward I. Kwitchoff.

Alexander F. Manfredi.

Clyde H. Pettit.

Dickson Watson.

Ernest E. Rosenstrom.

Charles Simonson.

Otto Ubell.

John F. Schneider.

Sidney J. Smith.

Joseph Petrotta.

In addition to these employees, the following plaintiffs took no appeal to the Commission on the ground that their preference rights had been violated, except one, Michael Gelfat, and he withdrew his appeal before final action by the Commission. The names of these plaintiffs are as follows:

John A. Adler.

Michael Gelfat.

Robert E. Himwich.

Henry Horr.

Alfred M. Johnson.

Frank Rom.

Isaac Sussman.

Defendant defends on the ground that the named plaintiffs did not exhaust their administrative remedies.

In the great majority of cases where plaintiffs have failed to exhaust their administrative remedies the courts have held that their suits are at least premature; that an action in court will not lie until after the administrative remedies have been exhausted. This is the general rule, but there are exceptions to it.

Perhaps the best guide for the application of the rule is that stated in United States v. Abilene & Southern Railway Co., 265 U.S. 274, 44 S.Ct. 565, 567, 68 L.Ed. 1016, in which the Court said:

" * * * Whether it [the court] should have denied relief until all possible administrative remedies had been exhausted was a matter which called for the exercise of its judicial discretion. We cannot say that, in denying the motion to dismiss, the discretion was abused."

In other words, there is no absolute requirement that a party exhaust his administrative remedies before coming into court. The court may entertain his suit before he has done so, if in its

discretion it thinks the circumstances make it appropriate to do so. We are, of course, speaking of a case where the statute itself does not make the exhaustion of administrative remedies a prerequisite to suit. The statute in question here, 58 Stat. 390, 61 Stat. 723, 5 U.S.C.A. § 863, does not make an appeal to the Civil Service Commission a prerequisite to the bringing of a suit by a discharged or demoted employee. The statute provides that the employee "shall have the right to appeal" to the Civil Service Commission. The applicable Civil Service Commission regulation provides that such an employee "may appeal," etc. Neither the statute nor the regulation says that he *shall* do so.

 But, notwithstanding the fact that the appeal is not mandatory, we think that an employee must appeal to the Civil Service Commission for an adjustment of his grievances before resorting to the courts, except in unusual circumstances. We think so because the Civil Service Commission was the agency set up by Congress for the express purpose of hearing the grievances of employees. Congress conferred on the Commission jurisdiction to hear these grievances; it did not confer this jurisdiction on the courts, except where the Commission had acted unlawfully. So, it is to the Commission that an employee must resort, in the first instance; and until that Commission has finally passed on the case, the courts should not take jurisdiction, and then only where the Commission has misapplied the statute under which the employee claims, or in some other way has deprived the employee of the rights to which the law entitles him.

This is the general rule, but it is not without its exceptions. In Cuiffo v. United States, 137 F.Supp. 944, 131 Ct. Cl. 60, we dealt with a case to which we thought the general rule did not apply. We did not think it applied because the Chief of the Civilian Personnel Branch of the Personnel and Administrative Division of the Port of Embarkation, which had issued the order separating the employee from the service, advised him that he might appeal to the United States Civil Service Commission, but that if he did, he could not obtain within the Department of the Army a review of the action separating him from the service, and that if he did elect to secure a redress of his grievances through the procedure of the Department of the Army, he would in all probability lose his right to appeal to the Civil Service Commission, since appeals to the Civil Service Commission had to be taken within 10 days from the effective date of the order of separation. Plaintiff elected to secure redress of his grievances through Army channels, and after he had failed to secure redress there, he did not appeal to the Civil Service Commission, apparently believing that he could not do so since the time for the appeal had elapsed and because of the advice of his superiors in the Army that if he did undertake to secure redress through Army procedure, this might preclude him from appealing to the Civil Service Commission.

Under those facts, we thought that plaintiff was to be excused for not having appealed to the Civil Service Commission and could come to this court, notwithstanding his failure to appeal.

The ordinary rule, however, is that stated in Martilla v. United States, 118 Ct.Cl. 177, in which we held that as a general rule an employee cannot come into court until after he has appealed to the Civil Service Commission, and that commission has finally acted on his case.

 In the cases at bar, we see no excuse for the failure of plaintiffs to appeal to the Civil Service Commission. They say their superiors advised them not to do so because it would do them no good, and because they feared that if they did, their superiors would deprive them of overtime, give them unpleasant jobs, etc.; but the Commissioner has found, and we agree with his finding, that this fear was not the result of any reliably proven threats by plaintiffs' superiors, nor supported by instances of

reprisals against employees who did appeal.

Moreover, an appeal to the Civil Service Commission would no more have resulted in reprisals against the employees than would a suit in court. The cases simply boil down to this: the plaintiffs selected the wrong forum for redress of their grievances. They should have gone first to the Civil Service Commission. They had no right to come here until after they had done so.

It results that the petitions of plaintiffs John R. Baker, William J. Bradshaw, William L. Campbell, Fred W. Gruber, Charles E. Kircher, Edward I. Kwitchoff, Alexander F. Manfredi, Clyde H. Pettit, Dickson Watson, Ernest E. Rosenstrom, Charles Simonson, Otto Ubell, John F. Schneider, Sidney J. Smith, Joseph Petrotta, John A. Adler, Michael Gelfat, Robert E. Himwich, Henry Horr, Alfred M. Johnson, Frank Rom, and Isaac Sussman must be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.