Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues for her salary from the time of her alleged illegal discharge. Defendant filed a motion for summary judgment.
Plaintiff alleges that her superiors “wilfully, wickedly and maliciously spread false rumors” about her throughout the place where she was working, and addressed her in foul and profane language, which so intimidated her that when they demanded her resignation on the threat of preferring charges against her that she acceded to their demands and resigned.
Later, she alleges, Lieutenant General Daniel Noce, as an Inspector General, investigated the charges against her and determined they were false, and ordered them stricken from plaintiff’s personnel records.
These allegations form the basis for her claim that she was illegally separated from the service. However, the defendant in its answer alleges that ten days prior to plaintiff’s resignation she was served with a 10-page specification of charges proposing her removal, effective at the close of business March 31, 1951, and that these charges were, among other things, that she had been wasting Government time and money, had been creating an adverse effect on the morale of the personnel at the center, and had been inefficient and disloyal to the Brooke Army Medical Center, where she worked.
It further appears that after the Inspector General’s report a notation was made on her personnel record deleting from the statement on the original “notification of personnel action” the following:
[Resigned while action pending to separate for disloyalty to Brooke Army Medical Center, for wasting Government time and money, for creating an adverse effect on morale of the personnel at the Center, and for inefficiency.
*190 Defendant, however, attaches an exhibit to its motion, which shows that her letter of resignation was handed in “upon professional advice” and that in it she stated:
Moreover, I assure you I appreciate the opportunity of having been in contact with a friendly and considerate staff at Brooke and will always remember the very many kindnesses extended me.
Defendant’s motion is based upon the grounds: (1) that the petition fails to state a cause of action in that it does not show that she was illegally discharged; (2) that the petition shows that she failed to pursue her administrative remedy; and (3) that she was guilty of laches.
It is not questioned that plaintiff failed to pursue her administrative remedy within the Department of the Army, and also that she did not do so before the Civil Service Commission. Instead, she resigned.
Defendant well says in its brief:
* * * Plaintiff had only to retain her position and answer these charges [that had been preferred against her, of circulating malicious rumors about her and using abusive language toward her] to insure that the entire matter would be brought to the attention of proper officials. Instead, she chose, on the advice of her attorney, to avoid the charges by resigning her position. She now, nearly five years later, seeks to challenge the validity of her resignation by means of a suit for back pay in this court. It is obvious that such a course, if permitted, would result in the disruption of the Government service, impose a burdensome liability on the Government, and deprive the Government of the opportunity to immediately investigate and correct any impropriety that may have taken place.
Inasmuch as her letter of resignation was submitted “upon professional advice” and in view of her statement of appreciation of the “friendly and considerate staff at Brooke”, and for “the very many kindnesses extended me,” we do not think her petition makes a case of a resignation induced by duress.
But whether we are correct about this or not, we think defendant’s motion for summary judgment must be granted on the ground that plaintiff failed to pursue her administrative remedies. The Civil Service Commission was set *191 up to hear the grievances of employees. Congress contemplated that an aggrieved employee should appeal first to this Commission before coming into court. Heffernan v. United States, 133 C. Cls. 839; Martilla v. United States, 118 C. Cls. 177; Johnson v. War Assets Administration, 171 F. 2d 556; Luther B. Cannon, et al. v. United States, ante, p. 104.
It results that defendant’s motion for summary judgment must he granted, and plaintiff’s petition will be dismissed. It is so ordered.
Laramore, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.