William A. McDOUGALL

v.

The UNITED STATES.

No. 50–56.

United States Court of Claims.

April 3, 1957.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

Francis P. Borden, with whom was Asst. Atty. Gen. George Cochran Doub, Jr., for defendant. Lino A. Graglia, Washington, D. C., was on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff, a Zone Deputy Collector in the office of Collector of Internal Revenue at Philadelphia, was dismissed, effective April 18, 1952. He alleges that his dismissal was unlawful because the Commissioner of Internal Revenue "failed to find that plaintiff was removed for such cause as would promote the efficiency of the classified civil service of the United States and further failed to furnish plaintiff with a written decision stating the reasons for plaintiff's removal." He demands payment of the salary he would have earned, except for the alleged unlawful dismissal, from the effective date of his dismissal, April 18, 1952 to May 16, 1955, less the amount he had earned during the time in other employment.

Defendant in its answer alleged that the Civil Service Commission, upon receipt of plaintiff's appeal, dated April 22, 1952, from his dismissal, called on plaintiff to submit evidence of the failure of the Commissioner of Internal Revenue to comply with the procedural requirements; but that plaintiff took no further action in the matter until March 10, 1955,[1] when he asked the Civil Service Commission to reopen the matter. The Civil Service Commission refused to do so, on account of plaintiff's long delay in prosecuting his appeal. Defendant, therefore, says plaintiff's suit is barred by his failure to pursue his administrative remedy.

Defendant also defends on the ground that plaintiff was guilty of laches in not having filed a petition in this court until February 2, 1956, nearly four years after the date of his removal.

■ As we have pointed out in other cases, a civilian employee of the Federal Government had no right of action on account of his dismissal from the service until after the passage of the Civil Service Act, 22 Stat. 403, 5 U.S.C.A. § 632, which prohibited removal for political reasons. This was followed by the Lloyd-LaFollette Act of August 24, 1912, 37 Stat. 539, 555, 62 Stat. 354, 355, 5 U.S.

C.A. § 652, which prohibited removal for any cause except for the good of the service and for reasons stated in writing. Plaintiff has a right of action only if these Acts have been violated.

■ Congress clothed the Civil Service Comission with jurisdiction to enforce the provisions of the Civil Service Act and the Lloyd-LaFollette Act, and we have held several times that ordinarily an employee is obliged to appeal first to the Civil Service Commission before resorting to this court. Martilla v. United States, 118 Ct.Cl. 177; Heffernan v. United States, 137 F.Supp. 437, 133 Ct. Cl. 839; Adler v. United States, 146 F. Supp. 956, 134 Ct.Cl. 200.

Plaintiff appealed to the Civil Service Commission, but did nothing toward prosecuting his appeal for over two years. This, in the judgment of the Civil Service Commission, deprived him of his right to have his case considered by it.

■ We cannot say that the Commission was not fully warranted in taking this position. Plaintiff, therefore, by his failure to effectively seek the administrative remedy which the law gave him in the first instance, is now barred from prosecuting his appeal before this court. Adler v. United States, supra.

■ Plaintiff's excuse for not having prosecuted his appeal before the Civil Service Commission is that a friend of his by the name of Mulligan was contesting his discharge, which had occurred at about the same time as plaintiff's, and that he wished to await the outcome of Mulligan's contest before going on with his. Had plaintiff wanted his case held in abeyance until after Mulligan's case had been decided, he should have first secured the consent thereto of the Civil Service Commission. Not having done so, the Civil Service Commission was fully warranted in refusing to reopen his case.

Defendant also defends on the ground that plaintiff has been guilty of laches. Four years elapsed between the date of

---

1. The date stated in the answer is incorrect; it should be May 11, 1954.

plaintiff's dismissal and the filing of his action in this court. In the meantime, defendant's liability to plaintiff was increased day by day, if plaintiff had been unlawfully dismissed. A year elapsed from the date of the decision in the Mulligan case before plaintiff filed his suit in this court. There is, therefore, room for the assertion by the defendant that plaintiff was guilty of laches, but we do not decide this question, because we think it is clear that plaintiff failed to pursue his administrative remedy for the protection of his rights, and, hence, is barred from resorting to this court.

Plaintiff's motion for summary judgment will be overruled, and defendant's motion for summary judgment is allowed, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, Judge, concur.

LITTLETON, Judge, dissents.

MADDEN, Judge, concurring.

I concur with the result reached by the court but I should like to state in what manner I think plaintiff failed to pursue his administrative remedy of appeal to the Civil Service Commission.

Plaintiff's dismissal was effective April 18, 1952. Pertinent civil service regulations provide (5 C.F.R. sec. 9.102) that no employee, veteran or nonveteran, shall be separated except for such cause as will promote the efficiency of the service and for reasons given in writing. Section 9.105(b) provides that the commission may investigate the removal of an employee when that employee, establishes a *prima facie* case that the procedures prescribed under section 9.-102(a) (1) have not been followed, but that no such case will be investigated unless the request for such investigation is received by the commission within ten days from the effective date of removal. This section further provides that the ten day time limit may be extended in the discretion of the commission only upon a showing by the employee that circumstances beyond his control prevented him from filing a request for investigation within the ten days prescribed.

On April 22, 1952, plaintiff appealed his dismissal to the Third Civil Service Region, Philadelphia. In his appeal plaintff, a deputy collector, stated two grounds for claiming his removal to have been procedurally defective: (1) that his removal was ordered for his failure to perform a statutory requirement under title 26, section 4003(b) of the United States Code and that such requirement had no application to a deputy collector but only to special agents; (2) that Commissioner's Mimeograph, Collector's No. 5905, dated August 7, 1945, paragraph 4, related only to an attorney, agent, factor or representative of a taxpayer, and that plaintiff had never been so employed. Nowhere in his appeal did plaintiff suggest that his removal notice was defective because it failed to state the reasons for his removal.

On May 1, 1952, plaintiff was advised by the Third Region of the Civil Service Commission that it could not review the sufficiency of the reasons for the removal of a nonveteran such as plaintiff, but that if plaintiff wished to contest his removal on procedural grounds, he should submit to that office copies of the initial and final notices of removal along with a memorandum outlining plaintiff's reasons for attacking the validity of the notice of removal. Plaintiff made no reply to this letter.

On February 18, 1954, the Court of Appeals rendered its decision in the case of Mulligan v. Andrews, 93 U.S.App.D.C. 375, 211 F.2d 28. Mulligan, a friend of plaintiff, had been discharged from the Internal Revenue Service under conditions similar to those pertaining to plaintiff. The District Court, Mulligan v. Dunlap, 108 F.Supp. 296, had held against Mulligan, upon all issues raised in *that* proceeding. In his appeal to the Court of Appeals, Mulligan, for the first time, raised the issue that his notice of removal was procedurally defective in that it did not contain reasons sufficient to satisfy the requirements of the appli-

cable removal procedure. Despite Mulligan's failure to raise this issue in the court below, the Court of Appeals deemed the case to present issues of law which should be decided to prevent an injustice, and it accordingly held that the failure of the employing agency to state the reasons for Mulligan's dismissal rendered his removal procedurally defective.

On May 11, 1954, plaintiff herein wrote to the Civil Service Commission, in Washington, D. C., requesting the reopening of his appeal "despite the time element". This letter was referred to the Third Civil Service Region for reply. On June 11, 1954, the Third Region notified plaintiff that it would not consider his appeal because of his long delay in making it and his failure to show good and substantial reasons for the delay. The Third Region advised plaintiff that he might appeal to the Commission in Washington.

On June 15, 1954, plaintiff appealed to the Board of Appeals and Review in Washington, D. C. On March 10, 1955, the Board of Appeals and Review affirmed the action of the Third Region noting that while plaintiff's original appeal of April 22, 1952, was received within ten days of his separation, it did not establish a *prima facie* case that the procedure provided by section 9.102(a) (1) of the Civil Service regulations had not been followed in effecting his separation, and that plaintiff had not availed himself of the opportunity given him by the Third Region to establish such *prima facie* case.

From the above it appears that at the time of his 1952 appeal to the Third Region it had not occurred to this plaintiff, as it had not occurred to Mr. Mulligan, that his notice of removal was defective because it failed to state the reasons for his removal. No such procedural defect was called to the attention of either the Civil Service Commission or the employing agency in 1952. If plaintiff had complied with the suggestion of the Third Region that he submit copies of his initial and final notices of removal, it is quite likely that the procedural defect now complained of would have been noticed by the Civil Service Commission, the removal would have been declared procedurally defective, and plaintiff's reinstatement would have followed. The defect of failure to state the reasons for removal was apparent on the face of the final notice but nothing in plaintiff's defense at the agency level or in his appeal to the Third Region indicated the existence of such a defect.

Under the circumstances, I think that plaintiff failed to take any appeal at all from the procedural defect he now alleges until the summer of 1954 and that the Civil Service Commission did not exercise its discretion unreasonably in holding that such an appeal was untimely.

It appears that Mulligan never called the attention of the Civil Service Commission to the defect in the final notice of removal, and this court could, as did the Court of Appeals, pass upon the issue at this time and hold that the notice was defective and plaintiff entitled to recover. However, since it appears that plaintiff's case might easily have been settled in his favor at a much earlier date had he complied with the Civil Service regulations relative to appeals by submitting information sufficient to establish his *prima facie* case of procedural defect in the notice of dismissal, I think this court is justified in granting defendant's motion for summary judgment dismissing the petition.