Laramoke, Judge,
delivered the opinion of the court:
On March 31,1947, plaintiff, a veterans’ preference eligible civilian employee at the Charleston Naval Shipyard, was demoted from a supervisory position to the non-supervisory position he still holds. Plaintiff’s demotion was incident to a reduction in force at the shipyard which was carried out pursuant to Navy Civilian Personnel Instruction 160.6-3. This Instruction allowed shipyard commanders to retain supervisors on the basis of merit without giving preference to veterans.
Plaintiff took no steps in 1947 to contest or appeal his demotion.
In 1952 the procedure authorized in NCPI 160.6-3 was held to conflict with section 12 of the Veterans’ Preference Act of 1944. Reynolds v. Lovett, 201 F. 2d 181, cert. denied, 345 U.S. 926.
After the Reynolds decision, plaintiff requested reinstatement and back pay which was denied on October 30, 1953, by the shipyard commander. An appeal to the Assistant Secretary of the Navy for Air was denied on February 25, 1954.
On December 7, 1955, plaintiff submitted a claim to the General Accounting Office for the difference between the pay in his present position and his former supervisory position for the period March 31, 1947, to December 1, 1955. The claim was paid on April 2, 1956. The defendant then brought suit in the District Court for the Eastern District of South Carolina to recoup the payment. The suit was voluntarily dismissed with prejudice by order filed August 10,1959.
Plaintiff sues here for difference in wages between his present and former positions for the period from December 1,1955, to the date of filing his petition here.
Except for the additional fact that plaintiff submitted a claim to the General Accounting Office, collected thereon, *226 and then a district court dismissed the Government’s suit for restitution thereof, this situation is not new to us.
Following the decision in Reynolds v. Lovett, supra, we also held that demotions pursuant to a reduction in force come within the provisions of section 12 of the Veterans’ Preference Act of 1944. Adler, et al. v. United States, 129 Ct. Cl. 150.
Section 12 provides in part:
In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations * * *. (58 Stat. 387,390; 5 U.S.C. 851, 861, 1946 Ed.)
The Civil Service Commission regulations applicable to reductions in force at the time of plaintiff’s demotion are set forth in 5 CFK chapter 1, part 20 (1947 Supp.). Section 20.13 of part 20 provides in part:
Appeals. Any employee who feels that there has been a violation of his rights under the regulations in this part may appeal to the appropriate office of the Civil Service Commission within 10 days from the date he received his notice of the action to be taken. * * *
One of the Government’s defenses is that plaintiff’s failure to appeal to the Civil Service Commission in 1947 and thereby exhaust his administrative remedy bars recovery by him now.
The plaintiff contends that his claim has been administratively determined, by the General Accounting Office, and alternatively, relying on Marr v. United States, 123 Ct. Cl. 474, cert. denied, 345 U.S. 956, that the payment to him by the General Accounting Office was an accord which wiped out all defenses to the first claim, and set the statute of limitations running anew.
If payment by the General Accounting Office can be considered as an accord and satisfaction, certainly this construction could only apply to the actual claim presented to it, which was for a period different than the one here involved. Consequently, an accord and satisfaction relating to a prior and different claim could have no application to the instant claim.
*227 Plaintiff further contends that under the applicable statute and regulations, an administrative appeal is not mandatory, but a matter of judicial discretion, and that we should exercise that discretion in his favor. In support of this contention plaintiff cites United States v. Abilene and Southern Ry. Co., 265 U.S. 274, 282, and Adler, et al. v. United States, 134 Ct. Cl. 200, 202-204, cert. denied 352 U.S. 894.
As we said above, this case is very similar to a factual situation we have treated before. In Heffernan v. United States, 133 Ct. Cl. 839, and Adler, et al. v. United States, supra, we held that where there was a right to contest demotions by appeal to the Civil Service Commission, and that right was not exercised by plaintiffs, there was a failure to exhaust their administrative remedies, which precluded plaintiffs’ recovery, and their petitions were dismissed. While Bashein, et al. v. United States, 150 Ct. Cl. 138, was pending in this court, the claims of 73 of the 76 plaintiffs in that suit were dismissed because they had failed to appeal to the Civil Service Commission.
In Adler, et al. v. United States, 134 Ct. Cl. 200, 203, we used language very pertinent to this case when we said:
But, notwithstanding the fact that the appeal is not mandatory, we think that an employee must appeal to the Civil Service Commission for an adjustment of his grievances before resorting to the courts, except in unusual circumstances. We think so because the Civil Service Commission was the agency set up by Congress for the express purpose of hearing the grievances of employees. Congress conferred on the Commission jurisdiction to hear these grievances,; it did not confer this jurisdiction on the courts, except where the Commission had acted unlawfully. So, it is to the Commission that an employee must resort, in the first instance; and until that Commission has finally passed on the case, the courts should not take jurisdiction, and then only where the Commission has misapplied the statute under which the employee claims, or in some other way has deprived the employee of the rights to which the law entitles him.
Plaintiff says that he did not appeal his demotion to the Commission because it had already affirmed the action of the Navy Department and approved the regulations. We do not *228 think that that circumstance was unusual enough to condone plaintiff’s having bypassed the agency that Congress set up to hear such grievances. It cannot be said with certainty that the Commission would have acted unfavorably on an appeal had plaintiff taken one.
Nor can plaintiff’s successful presentment of a claim to the General Accounting Office be substituted for an appeal to the Civil Service Commission, the available and specified administrative remedy.
In light of our past opinions, which we have no reason to change, we find that plaintiff cannot recover because of his failure to appeal to the Civil Service Commission before he came here.
Defendant’s motion for summary judgment is granted, plaintiff’s like motion is denied, and the petition will be dismissed.
It is so ordered.
Dureee, Judge; Madden, Judge, and Jones, Chief Judge, concur.
WhitakbR, Judge, took no part in the consideration and decision of this case.