Dureee, Judge,
delivered the opinion of the court:
This case is before the court on cross-motions for summary judgment. The versions of the facts, as submitted by the two parties are rather different; however, the factual variances are unimportant in light of our ultimate holding that plaintiff has failed to exhaust her administrative remedies.
Plaintiff’s version of the facts may be briefly summarized-. Effective February 23,1958 plaintiff was employed as a Clerk Typist, Kegistrar Division, Mount Alto Hospital, Washington, D.C., Grade G'S-3. As a result of an incident that arose an connection with plaintiff’s employment on the morning of July 5, 1961, she requested permission of her superiors to consult with Mr. A. H. Monk, Associate Deputy Administrator, Veterans Administration on Vermont Avenue in Washington, D.C. Plaintiff was refused such permission, so she left to see Mr. Monk without permission. Upon her return to Mt. Alto that afternoon, she was directed to see Mr. Webster, Assistant Manager of Mt. Alto. Mr. Webster, according to plaintiff’s affidavit, instructed her not to return to her desk, and told her that she would “hear from the V.A. later.” Thereafter, plaintiff was not allowed to resume her duties. Five days later, she received a notice of proposed removal. Plaintiff filed her answer to the proposed removal on July 17. Ten days later, on July 27, plaintiff received a letter from the Chief of Personnel at Mt. Alto, formally notifying her of the acceptance of her alleged resignation as -of that date. Such alleged resignation was never effectuated, *938 however, and a hearing on the proposed removal was held on August 2 and 3. On October 12, the Hospital Director wrote plaintiff, advising her that in his judgment, the removal was too severe, and requested plaintiff to report to the Chief Registrar for reassignment. Plaintiff duly reported to the Registrar, was not reassigned, but instead, was informed no position was available. On October 23, because of a desperate need for money, plaintiff inquired of the personnel office regarding the manner in which she could receive payment for unused annual leave. Plaintiff informed the officials that it was not her intention to resign, and that she did not wish to sign the form used for such purposes. She was advised, however, that payment could not be made to her unless she submitted her resignation. Plaintiff was thereafter advised (July 20,1962) by the Hospital Director to seek employment elsewhere. In an effort to resolve her problem, plaintiff presented the matter to the Civil Service Commission. Neither the Appeals Examining Office nor the Board of Appeals and Review found any impropriety, and the case was dismissed on January 16, 1964. Plaintiff then filed suit in this court on July 24,1964, seeking back pay from July 5, 1961.
Defendant, on the other hand, maintains that plaintiff voluntarily absented herself from her job on July 5,1961, and thereafter, by her own choice, did not return to her desk. Defendant agrees with plaintiff’s version of the subsequent events up until the time immediately following the letter to plaintiff from the Hospital Director on October 12, 1961.[1] As will be remembered, plaintiff was directed in that letter to report to the Chief, Registrar Division, for reassignment. Defendant alleges through affidavit of the Chief, Registrar Division, that plaintiff never reported for reassignment. Then, according to defendant, on October 23, 1961 plaintiff telephoned defendant and resigned. The resignation was, effective that day, and plaintiff’s services were terminated. Defendant’s position is that at all times from July 5,1961 to October 23, 1961, except for three days at the time of the *939 August hearing, plaintiff was absent from her job without permission.
It thus becomes readily apparent that issues of fact do exist in this case. An. issue exists over whether plaintiff voluntarily absented herself on July 5, or whether Mr. Webster instructed her not to return to her desk. There is an issue as to whether or not plaintiff reported to the Chief, Registrar Division, as directed, and whether plaintiff resigned by telephone on October 23.
It is a well-known rule in this court, and in other jurisdictions as well, that a motion for summary judgment cannot be sustained when a genuine issue of material fact exists. Court of Claims Rules, Rule 64. 28 U.S.C. App. (1964 ed.); Joseph Horne Co. v. United States, 133 Ct. Cl. 270, 135 F. Supp. 549 (1955); Fed. Rules of Civ. Proc., Rule 56, 28 U.S.C. App. (1964 ed.); Sartor, et al. v. Arkansas Natural Gas Corp., 321 U.S. 620 (1944). However, a material fact is one that will make a difference in the result of the case. Curtis v. United States, 144 Ct. Cl. 194, 168 F. Supp 213 (1958), cert. denied 361 U.S. 843 (1959), rehearing denied 361 U.S. 941 (1960). In the case before us, it makes little difference how these issues of fact are resolved, as plaintiff did not exhaust her administrative remedy.
Plaintiff appealed her case to the Appeals Examining Office of the 'Civil Service Commission on October 17, 1963, more than two years from the time she had actually performed any work at Mt. Alto. On December 13,1963 a decision was rendered which held (1) plaintiff voluntarily resigned her position on October 23,1961, and had no right to appeal such voluntary resignation, and (2) even had the separation been accomplished involuntarily, the Commission would have denied the appeal since it was untimely. This decision was affirmed by the Board of Appeals and Review on January 16, 1964. In effect, plaintiff was told that even if the Civil Service Commission had been able to agree with plaintiff’s version of the facts, no relief could be afforded plaintiff, due to the untimeliness of the appeal. This court has often held that an untimely appeal to the Civil Service Commission constitutes a failure to exhaust an administrative remedy. Gertrude M. Hutton v. United States, 154 Ct. Cl. 34 (1961); *940 McDougall v. United States, 138 Ct. Cl. 90, 149 F. Supp. 651 (1957); Adler et al. v. United States, 134 Ct. Cl. 200, 146 F. Supp. 956 (1956), cert. denied, 352 U.S. 894 (1956). Further, the evidence does not warrant a bolding that plaintiff possessed a reasonable excuse for not making the timely appeal. Viewing the facts most favorably to plaintiff, it would seem that at the latest, plaintiff realized the totality of her predicament on July 20, 1962, when she was advised by the Hospital Director to seek employment elsewhere. Plaintiff did not appeal to the Commission until 15 months later, and gives no valid reason for such a lengthy delay.
It is therefore held that plaintiff, having failed to exhaust her administrative remedy, cannot recover. Defendant’s motion for summary judgment is granted. Plaintiff’s cross-motion for summary judgment is denied. The petition is dismissed.

 Defendant has not attempted to explain the circumstances surrounding the purported resignation of plaintiff on July 27. More curiously, since it appears that such a resignation was tendered, defendant has not explained, why it was not accepted.