Per Curiam:
Plaintiff, a veteran’s preference eligible, was formerly an administrative assistant for the Air Force at a military base on Okinawa. On December 21, 1961, he was removed from this civilian position for conspiring to defraud the Government. In its removal notice to plaintiff, the Air Force outlined his appeal rights both within the Air Force and before the Civil Service Commission. In spite of this advice, plaintiff did not appeal his dismissal until March 22, 1964 when he appeared' 'before the San Francisco regional office of the Civil Service Commission. The regional office found that 1) he had been fully advised of his appeal rights and 2) his claim that illness prevented a timely appeal was without merit. It then denied his appeal. On April 8, 1964, the Civil Service Commission’s Board of Appeals and Beview affirmed this decision. It denied reconsideration of the decision. Plaintiff then filed suit for back pay in this court on July 1, 1965. Defendant now moves for summary judgment.
Plaintiff opposes this motion by asserting that there exists a factual question that is dispositive of the case. But that question is not material and need not block this motion for summary judgment. Granted that the question is disposi-tive. But either way that it is resolved will force a judgment against plaintiff.
Plaintiff claims that he had “a mental disease, defect, and retardation” going back at least nine months prior to June 14, 1962 and that this illness left him unable to initiate a timely appeal before the Civil Service Commission. If the court upholds the Commission’s holding that his illness was not an acceptable excuse, plaintiff would be barred from this court because his untimely appeals constitute a failure to exhaust administrative remedies. See, e.g., Adler v. United States, 134 Ct. Cl. 200, 146 F. Supp. 956, cert. denied, 352 U.S. 894 (1956); Heffernan v. United States, 133 Ct. Cl. 839 (1956); McDougall v. United States, 138 Ct. Cl. 90, 149 F. Supp. 651 (1957); Hutton v. United States, 154 Ct. Cl. 34 (1961). If *725 the court would excuse the tardiness of the appeals and accept the existence of plaintiff’s debilitating mental illness, plaintiff could not recover because of his failure to be ready, willing, and able to work for the period encompassed in his claim. United States v. Wickersham, 201 U.S. 390, 399, 400 (1906); Armand v. United States, 136 Ct. Cl. 339 (1956); Corrigan v. United States, 153 Ct. Cl. 392 (1961); Alpert v. United States, 161 Ct. Cl. 810 (1963); Thus with either factual resolution, plaintiff cannot recover. He is only left with a choice between Scylla and Charybdis. . .
Any rights that plaintiff might have for disability retirement pay (See 5 C.F.R. § 29.6 (1961 ed.)), are not to be considered at this time inasmuch as plaintiff says that “[t]he complaint nowhere states that [the] suit' is for disability retirement.”
Therefore, defendant’s motion for summary judgment should be granted, and plaintiff’s petition dismissed.