Muriel R. **GERNAND**

v.

The **UNITED STATES.**

No. 233-64.

United States Court of Claims.

July 16, 1969.

* We are indebted to Trial Commissioner Richard Arens for his findings of fact, which we have adopted with minor revisions.

Ellsworth T. Simpson, Washington, D. C., attorney of record, for plaintiff.

Stephen M. Joynt, Bladensburg, Md., with whom was Asst. Atty. Gen., William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## OPINION

DURFEE, Judge.*

This is a civil pay case in which this court has held [1] that, although there were issues of fact on the merits of whether plaintiff's services as an employee of the Veterans Administration were terminated by defendant as required by law, that these issues of fact did not have to be resolved because plaintiff did not exhaust her administrative remedy. The court stated, in conclusion, at pp. 939–940:

* * * In the case before us, it makes little difference how these issues of fact are resolved, as plaintiff did not exhaust her administrative remedy.

Plaintiff appealed her case to the Appeals Examining Office of the Civil Service Commission on October 17, 1963, more than two years from the time she had actually performed any work at Mt. Alto. On December 13, 1963 a decision was rendered which held (1) plaintiff voluntarily resigned her position on October 23, 1961, and had no right to appeal such voluntary resignation, and (2) even had the separation been accomplished involuntar-

1. Gernand v. United States, 174 Ct.Cl. 936 (1966).

ily, the Commission would have denied the appeal since it was untimely. This decision was affirmed by the Board of Appeals and Review on January 16, 1964. In effect, plaintiff was told that even if the Civil Service Commission had been able to agree with plaintiff's version of the facts, no relief could be afforded plaintiff, due to the untimeliness of the appeal. This court has often held that an untimely appeal to the Civil Service Commission constitutes a failure to exhaust an administrative remedy. Hutton v. United States, 154 Ct.Cl. 34 (1961); McDougal v. United States, 149 F.Supp. 651, 138 Ct. Cl. 90 (1957); Adler et al. v. United States, 146 F.Supp. 956, 134 Ct.Cl. 200 (1956); cert. denied, [Baker v. United States] 352 U.S. 894 [77 S.Ct. 131, 1 L.Ed.2d 87] (1956). Further, the evidence does not warrant a holding that plaintiff possessed a reasonable excuse for not making the timely appeal. Viewing the facts most favorably to plaintiff, it would seem that at the latest, plaintiff realized the totality of her predicament on July 20, 1962, when she was advised by the Hospital Director to seek employment elsewhere. Plaintiff did not appeal to the Commission until 15 months later, and gives no valid reason for such a lengthy delay.

It is therefore held that plaintiff, having failed to exhaust her administrative remedy, cannot recover. * * *

Thereafter, the court granted plaintiff's motion for rehearing, and returned the case to the Trial Commissioner on the sole question of whether plaintiff exhausted her administrative remedies in a timely manner.

The pertinent provisions of the Federal Personnel Manual (Part 9—Separation, Suspension and Demotion, effective February 10, 1961) are fully set forth in the Commissioner's findings. Subpart C—"Appeals to the Commission", provides that an appeal to the Civil Service Commission "may be submitted at any time after notice of adverse decision but not later than ten (10) days after the effect of the adverse decision."

Although the court has often held that an untimely appeal to the Civil Service Commission constitutes a failure to exhaust an administrative remedy, failure to appeal within ten days, as hereinabove provided by the regulation, is not in itself a jurisdictional bar on the question of the timeliness of appeal.

Clearly, as we found before, plaintiff realized the totality of her predicament by July 20, 1962. Only five days later, on July 25, 1962, she appealed to President John F. Kennedy by a letter in which she stated her urgent need because she was unemployed, "after a forced resignation from the Veterans Administration on October 23, 1961." She requested an interview to ask help and guidance since "every path is blocked for reinstatement in the Federal Government." She expressed confidence that the President could remove all barriers to her becoming again a useful citizen. She also stated that she had followed all channels of appeals within the Federal Government. This letter is set forth in full in the Commissioner's findings. The letter to the President was referred to the Civil Service Commission for consideration of matters "within the Commission's jurisdiction." The Commission wrote to plaintiff on August 9, 1962 acknowledging this referral, and advised that "further consideration will be given to your communication" when the files were received, and plaintiff would be advised.

Thereafter, plaintiff again wrote to the President on September 11, 1962 and on October 10, 1962. Those letters were also referred to the Civil Service Commission, which advised plaintiff that it could not effect reinstatement of a person in another agency. Throughout this correspondence and oral interviews with plaintiff, it is apparent that the Commission premised its advice to plaintiff on its understanding that she had voluntarily resigned her employment, and was seeking re-

instatement of her employment by the Veterans Administration.

Later, on June 23, 1963 plaintiff wrote the Appeals Examining Office of the Civil Service Commission, requesting review of her records at the Veterans Administration.

In August 1963, plaintiff talked with an appeals examiner at the Appeals Examining Office of the Civil Service Commission. She indicated that she had been the subject of a removal action in 1961, and was advised that an appeal from such an adverse action must be filed within ten days, and if not, a written explanation must be given for the delay. She had similar interviews with a trial attorney in the office of the General Counsel of the Civil Service Commission in October 1963.

On October 17, 1963, she wrote to the Board of Appeals and Review of the Civil Service Commission and requested "an appointment for appeal on an adverse decision by the Veterans Administration * * *." This letter of October 17, 1963 is the communication which we previously held was plaintiff's untimely appeal to the Civil Service Commission.

■ We conclude that plaintiff's letter to the President on July 25, 1962, within five days after she was advised by the Veterans Administration office to seek employment elsewhere, was a timely appeal. The referral by the President to the Civil Service Commission of this letter was clear notice that plaintiff was appealing the agency decision in her case, as provided under section 9.301 of the Federal Personnel Manual, *supra*.

In accordance with the terms of our order for rehearing, we conclude that plaintiff did file a timely appeal from the adverse decision of the Veterans Administration. Accordingly, the case is remanded to the Trial Commissioner for a new trial on the merits of the separation of plaintiff from her employment by the Veterans Administration, and the denial of her appeal by the Civil Service Commission.