Gwiliam fay; dismissal; exhaustion of adminis tr ativ e remedies; timeliness of appeal to Civil Service Commission. — Plaintiff, a veterans preference eligible, was dismissed for various reasons from his position as a GSA guard effective August 15, 1962. Although plaintiff was advised of the appeal procedures available to him, a timely appeal was not taken; in 1965 he requested GSA to reconsider and rehear the matter. Upon denial of this request, plaintiff did not appeal to the Civil Service Commission, and in June 1966 he filed suit in this court for back pay claiming- his dismissal violated his rights under the Veterans’ Preference Act and was arbitrary and capricious and not supported by substantial evidence. By order of October 9,1967, the court suspended proceedings to allow plaintiff, within a reasonable time, to present his claim to the Civil Service Commission that he should be excused for failing to file a timely appeal, failing, or after, which the case was to be returned to the Trial Commissioner for further appropriate proceedings. The Civil Service Commission found that plaintiff had no valid medical reason for failing to pursue a timely appeal from 'his dismissal or from the denial of his request for reconsideration. This *565 case now comes before the court on defendant’s motion for summary judgment. Upon consideration thereof, together with the opposition thereto and without oral argument, it .is concluded that plaintiff failed to exhaust his administrative remedy by failing to appeal the USA’s 1965 decision denying reconsideration, at a time when he admits he was not mentally incapacitated. His later appeal was untimely and an untimely appeal constitutes such a failure. See Walker v. United States, 179 Ct. Cl. 723 (1967) cert. denied, 389 U.S. 1036 (1968); Hutton v. United States, 154 Ct. Cl. 34 (1961); McDougall v. United States, 138 Ct. Cl. 90, 149 F. Supp. 651 (1957); and Adler v. United States, 134 Ct. Cl. 200, 146 F. Supp. 956, cert. denied, 352 U.S. 894 (1956). On October 3, 1969, the court ordered defendant’s motion for summary judgment granted, and dismissed the petition.