Civilian pay; reduction in force; timeliness of appeal.— Plaintiff was separated from his position as journeyman ship-fitter with competitive status at the Portsmouth Naval Shipyard pursuant to a reduction in force because of excess production and overhead personnel. The separation was effective August 29, 1964, and was extended to September 28, 1964, upon plaintiff’s request for annual leave. The notice advised plaintiff of his right to appeal to the Civil Service Commission not later than 10 calendar days after the effective date of separation. On March 1,1965, he was reemployed as a shipfitter at the same shipyard on a temporary appointment, and on September 26,1965, he was reinstated to career status. Upon his return to work plaintiff alleges that he learned that the proper procedures for reduction in force were not carried out pursuant to Navy Civilian Personnel Instructions 351 6-2 B (2) as well as the Federal Personnel Manual. On March 22, 1965, he wrote the Boston Regional Office of the Civil Service Commission complaining about his separation, which letter was considered an appeal. On April 1, 1965, the Regional Office advised plaintiff that it would not waive the time limit and would not accept a de *566 layed appeal from him, his statement that he was confined to a hospital for 9 days undergoing surgery and that he was on sick leave when reduction in force became effective not being a sufficient reason for 'acceptance of a delayed appeal nearly 7 months after plaintiff’s separation. Plaintiff appealed to the Board of Appeals and Review and on April 27, 1965, ¡the Board affirmed the decision of the Regional Office. Plaintiff seeks to recover in this court the monetary value of accumulated annual leave, sick leave and lost wages from September 29,1964, to March 1, 1965. This case comes before the court on defendant’s motion to dismiss the petition on the ground that the claim is barred by plaintiff’s failure to timely appeal. Upon consideration of the motion, together with the opposition thereto, without oral argument, the court concludes that plaintiff failed to timely exhaust his administrative remedies. See Hutton v. United States, 154 Ct. Cl. 34 (1961); Monday v. United States, 146 Ct. Cl. 6 (1959), cert. denied, 361 U.S. 965 (1960); Henry v. United States, 139 Ct. Cl. 362, 153 F. Supp. 285 (1957); McDougall v. United States, 138 Ct. Cl. 90, 149 F. Supp. 651 (1957); and Adler v. United States, 134 Ct. Cl. 200, 146 F. Supp. 956, cert. denied, 352 U.S. 894 (1956). On October 3, 1969, the court ordered that defendant’s motion be granted, and dismissed the petition.