■Civilian fay; administrative remedies; failure to exhaust. — Plaintiff was removed from bis position with ¡the Veterans Administration Center in Biloxi, Mississippi, on May 31, 1968, being advised of bis rights to appeal either to the Civil Service Commission or to the Administrator of Veterans Affairs, and that if he decided to appeal to the Civil Service Commission the appeal be submitted not later than 15 calendar days after the effective date of his removal. Plaintiff did not appeal to ¡the Administrator and on January 27, 1969 he appealed to the Civil Service Commission. Plaintiff was notified on February 5, 1969 that his appeal was not timely; on April 10,1969 he sent the Regional Office of the Civil Service Commission a letter Stating his reasons for not making a timely appeal; the Regional Office found that there were no circumstances .beyond plaintiff’s control that prevented him from filing a timely appeal; he appealed the decision to the Board of Appeals and Review of the Civil Service Commission which affirmed the decision on July 16, 1969. Plaintiff seeks reversal of the decision of the Civil Service Commission, restoration to his position and back pay and allowances. This case comes before the court on defendant’s motion for summary judgment, and upon consideration thereof, together with the response in opposition thereto, without oral argument, the court concludes that plaintiff has failed to timely exhaust his administrative remedy and is not entitled to recover. See Walker v. United States, 179 Ct. Cl. 723 (1967), cert. denied, 389 U.S. 1036 (1968). On October 30, 1970 the court granted defendant’s motion and dismissed the petition.