Ci/oilian fay; dismissal; agency and Civil Service Commission compliance with regulations; vol/wntariness of resignation. — This suit brought by a former Government employee to recover back pay was first presented to the court on cross-motions for summary judgment, and decided adversely to plaintiff on the ground that she had failed to exhaust her administrative remedy (174 Ct. Cl. 936 (1966)). Upon rehearing, the court remanded the case to the trial commissioner for trial on the sole question of whether plaintiff exhausted her administrative remedies in a timely manner. On July 16, 1969 (188 Ct. Cl. 544, 412 F. 2d 1190), the court, in adopting the commissioner’s findings of fact, held that plaintiff had timely appealed to the Civil Service Commission from an adverse decision of the Veterans Administration, and remanded the case to the commissioner for a new trial on the merits. The issues basically were whether (1) the Veterans Administration complied with applicable statutory and procedural requirements in separating plaintiff from her employment, (2) plaintiff’s resignation was coerced and therefore involuntary, and (3) the Civil Service Commission complied with applicable statutory and procedural requirements in denying plaintiff’s appeal. On April 20, 1972, Commissioner Franklin M. Stone issued a report in which he concluded that plaintiff failed to show that defendant violated any applicable statutory procedural requirements; that defendant discharged its burden in proving that plaintiff sub *748 mitted a voluntary resignation, and tlrat the Veterans Administration properly effected tier separation; and that the Civil Service Commission acted properly in its disposition of the case. This case come before the court on the merits, having been submitted to the court on plaintiff’s exceptions to the report of Commissioner Stone. Upon consideration thereof, together with the briefs of the parties and oral argument of plaintiff, fro se, and counsel for defendant, since the court agrees with the opinion, findings of fact and recommended conclusion of law of Commissioner Stone, it adopted the same as the basis for its judgment in this case. On January 29, 1973, by order, the court concluded that plaintiff is not entitled to recover and dismissed the petition.