Civilian pay; limitation of actions; timeliness of administrative appeal; ignorance of rights. — On December 14, 1978 the court entered the following order:
Before Friedman, Chief Judge, Cowen, Senior Judge, and Kunzig, Judge.
This case is before the court on the parties’ cross-motions for summary judgment. Plaintiff Charles J. Henry, a former agent of the Federal Bureau of Investigation (FBI), seeks back pay and other allowances which he contends are owing as a result of his reduction in grade and pay on January 28, 1969.[1] However, since plaintiffs claim was filed in this court after the six-year period allowed by the applicable statute of limitations, we hold his cause to be time-barred.
Plaintiffs career with the FBI began in 1952, when he became a special agent. After duty in various cities, plaintiff in June 1968 was promoted to the supervisory position of inspector at the GS-15 level.
*521 On January 24, 1969, while serving at FBI headquarters in Washington, D. C., Henry was ordered to report to the Butte, Montana, office as special agent in charge. After relating to supervisors personal difficulties his family encountered during prior duty in Butte, Henry was notified on January 28, 1969, that his pending transfer to Butte was cancelled. Simultaneously, with no advance notice and without explanation, plaintiff was informed that he was being reduced in grade and pay from GS-1811 — 15/4 to GS-1811 — 14/5 and from $21,737 to $19,206 per year. He was also returned to investigative duties and transferred to the Bureau’s Seattle, Washington, office.
The next day, plaintiff wrote a letter to FBI Director J. Edgar Hoover, accepting the reduction and transfer and reaffirming his loyalty and commitment to the Bureau.
Almost eight years later, in November 1976, plaintiff wrote to Clarence M. Kelley, Hoover’s successor as FBI Director, asking for review of his reduction. In his responding letter, Kelley refused to review plaintiffs case, citing plaintiffs delay in appealing the matter. Plaintiff then appealed to the Civil Service Commission Federal Employee Appeals Authority and in turn to the Commission’s Appeals Review Board. The Appeals Authority decided, and the Review Board agreed, that plaintiffs case was untimely, since the regulation in effect at the time provided that employee appeals must be submitted "not later than 15 days after the adverse action has been effected.” 5 C.F.R. § 752.203(a) (1978). Plaintiff had filed his first appeal in March 1977, eight years too late. Plaintiff then filed suit in this court on December 22, 1978.
In opposition to plaintiffs claim, the Government now points to our six-year statute of limitations, 28 U.S.C. § 2501 (1976), arguing that the statute bars plaintiffs claim since it was filed here 10 years after his claim arose (i.e. January 28, when the reduction in pay and the transfer were ordered). See Japanese War Notes Claimants Ass’n. v. United States, 178 Ct.Cl. 630, 373 F. 2d 356, cert. denied, 389 U.S. 971 (1967). Recognizing that the statute of limitations would have been tolled or suspended during the prosecution of any mandatory administrative appeal, Steel Improvement & Forge Co. v. United States, 174 Ct.Cl. 24, 355 F. 2d 627 (1966), defendant notes that the first *522 indication of any appeal from Henry was not until March 1977 when he filed with the Employee Appeals Authority— some eight years after the occurrence of events fixing his claim. In the absence of any reason tolling the statute of limitations, defendant argues, we should hold the case barred by the statute. Moreover, defendant contends that plaintiff is also barred from recovery by the doctrine of laches and that plaintiff failed to exhaust his administrative remedies by failing to file a timely appeal with the appropriate administrative agency and can not now seek relief in this court. E.g., Wilmot v. United States, 205 Ct. Cl. 666, 680-81 (1974), McDougall v. United States, 138 Ct.Cl. 90, 149 F. Supp. 651 (1957).
Plaintiff, of course, has searched for ways to stop the running of the statute of limitations. First, plaintiff cites to us the proposition that the statute does not run — even after the cause of action has accrued — if plaintiff does not know of his or her right of action. Japanese War Notes Claimants Ass’n. v. United States, supra at 634, 373 F. 2d at 358-59. Plaintiff states that not until the January 28, 1977, letter from Director Kelley denying review of his case did he first learn of appeal rights in his case. As to his failure to ask about appeal rights when he first received notice of his reduction in grade and pay, Henry explains that the FBI had a long-standing policy of checking with the appropriate administrative agency to determine whether a particular employee had appeal rights after an adverse action. If so, the FBI notified the employee. Since Henry received no such notice, he assumed he had no administrative appeal and accepted his reduction. Consequently, plaintiff suggests that the statute of limitations did not begin to run until he received an indication from the FBI that he did indeed have an appeal right, which would then make his case in this court timely.
Plaintiff also argues that we should consider his administrative appeal timely filed. He bases this argument on the power of the Civil Service Commission to grant him more time in which to file his appeal. This power was also found in 5 C.F.R. § 752.203(a) (1978). Plaintiff contends that the Commission, in light of the FBI’s failure to tell him of his appeal right, should have given him more time to appeal and should have heard his appeal, even though it was not *523 filed until March 1977. If the Commission had decided to consider his case as timely filed, our statute of limitations would not have begun to run until after administrative appeals had been exhausted, and the case in this court would be considered timely filed. Plaintiff contends that the Commission’s refusal to consider his case as timely was arbitrary and capricious.
We cannot agree. The statute of limitations was in no way tolled in this case. We hold plaintiffs claim to be time-barred.
While it is regrettable that the FBI did not inform plaintiff of his appeal rights, we can find no reason to excuse his waiting until after the applicable time had elapsed before pursuing his case. The Civil Service Commission refusal to give him more time was certainly not arbitrary and capricious. Plaintiff here was a supervisor, dealing repeatedly with FBI personnel actions. He admitted that he had been involved in some 30 adverse actions against subordinates and was consequently aware of appeal routes. Plaintiff cannot thus be heard to rely solely on the FBI to tell him about his appeal rights, when such was surely (or should have been) within his knowledge already. Further, it is not plausible for us to believe that Henry reasonably assumed that the FBI checked with the administrative agencies involved and had determined that he had no appeal right before he consented to the reduction, since only one day elapsed between his receipt of notice of the demotion and his letter of praise to FBI Director Hoover. Plaintiff, long an employee of the Federal Government, should have been aware of the inability of Federal agencies to move that swiftly in all but extreme emergencies.
And finally, the letter plaintiff sent to Hoover states flatly that plaintiff accepted the very action of which he now complains. What we may well have here is a plaintiff who with the benefit of hindsight sees as adverse a personnel action that in an earlier stage of his career seemed quite acceptable.
In sum, we hold that plaintiffs failure to pursue his appeal diligently within the statutory period of limitations bars his action in this court. As a supervisor who had been involved in personnel actions against subordinates, he was *524 in a position to know of appeal procedures and can not now use the FBI’s failure to inform him of appeal routes as an excuse for his own inaction.
Accordingly, it is therefore ordered, after careful consideration of the parties’ submissions and after oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs motion is denied. The petition is dismissed.

 Plaintiffs original petition also sought restoration to the GS-15 level from which he was reduced. Since plaintiff retired from the FBI in August 1979, however, his demand for restoration in grade has been abandoned.