Per Curiam :
This case was referred to Trial Commissioner Eoald A. Plogenson with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 57(a). The commissioner has done so in an opinion and report filed on February 16, 1968. Exceptions to the commissioner’s findings and recommended conclusion of law were filed by plaintiff and the case has been submitted to the court on oral argument of counsel and the briefs of the parties. Since the court agrees with the commissioner’s opinion, findings and recommended conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Therefore, plaintiff is not entitled to recover and the petition is dismissed.
OPINION OE COMMISSIONER
Hogenson, Commissioner:
Plaintiff requests judgment against defendant for loss of salary on account of his allegedly illegal discharge on February 12,1965, from civilian employment as an Engineering Technician, Applied Science Laboratory, U.S. Naval Station, Brooklyn, N.Y. After an agency hearing, the Commanding Officer of the Laboratory on February 4,1965, issued to plaintiff his final decision and notice of separation for physical disability, sustaining the alleged basis for the proposed separation. Plaintiff was ad *756 vised that he was eligible for disability retirement and that he would have to apply for such within 1 year of the effective date of 'his separation, the effective date being the end of the day on February 12,1965. Plaintiff was notified that he could either appeal through channels to the Secretary of the Navy, or directly to the New York Regional Office of the U.S. Civil Service Commission. In addition, plaintiff was advised that for further information concerning his appeal rights, he should get in touch with his administrative department head, or the Industrial Relations Office of the New York Naval Shipyard, or the New York Regional Office of the U.S. Civil Service Commission.
At first plaintiff appealed his separation for disability to the Department of the Navy, but withdrew the same, and on April 12,1965, appealed to the New York Region, U.S. Civil Service Commission.
In the meantime, plaintiff had on February 16, 1965, submitted his application for disability retirement on the standard form to the Bureau of Retirement and Insurance, Civil Service Commission, and on April 22, 1965, his application was approved by the Bureau, and plaintiff was awarded a monthly annuity. Accordingly, the Laboratory amended plaintiff’s personnel record of separation for disability, and issued to plaintiff its notification of personnel action that he was retired for disability effective February 12, 1965. Apparently plaintiff has been receiving disability retirement payments because his petition seeks recovery for loss of salary minus disability retirement benefits so far received.
On May 10, 1965, the New York Region, Civil Service Commission, advised plaintiff in writing of the above-stated events concerning plaintiff’s retirement for disability, and stated further as follows:
In the premises, it does not appear that you were adversely affected as this term is used in Part 752-B of the Regulations so as to create any right of appeal to this office. The regulations apply to discharge, suspension for more than 30 days, furlough without pay, and reduction in rank or compensation. Section 752.103(b), however, excludes from coverage (1) a decision of the Commission and (2) an action taken by an agency pursuant to instructions from the Commission.
*757 Accordingly, the action of the Laboratory, based on the Commission’s decision in respect to your voluntary application for disability retirement, is not an adverse personnel action and there is no right of appeal to this office. Therefore, we no longer have appellate jurisdiction over yoúr case and can take no further action on your appeal of April 12,1965.
In accordance with the court’s order of remand, entered May 26, 1967, hereinafter quoted in finding 10, the sole issue now presented is whether or not plaintiff has exhausted his administrative remedies. As directed by the court, a trial has been held on that issue.
After a full review of the record and upon consideration of the respective requested findings of fact and briefs of the parties, it is my opinion based upon the following detailed and ultimate findings of fact, that plaintiff failed to exhaust his administrative remedies, and that plaintiff’s petition should be dismissed. Pine v. United States, 178 Ct. Cl. 146, 371 F. 2d 466 (1967), and cases therein cited.
FINDINGS oe Fact
1. On March 6, 1967, defendant’s motion (filed September 20, 1966) and plaintiff’s cross-motion (filed October 13, 1966) for summary judgment were submitted to the court by the parties without oral argument, and on March 24,1967, the court entered the following order:
This case comes before the court on defendant’s motion and plaintiff’s cross-motion for summary judgment. Upon consideration thereof, together with the opposition thereto and the briefs of the parties, it is concluded that plaintiff is not entitled to recover on the ground that plaintiff failed to exhaust his administrative remedy when he did not appeal to the Board of Appeals and Review of the Civil Service Commission from the decision of the New York Region, Civil Service Commission, dated May 10,1965, and on the basis of the decision of this court in Pine v. United States, Ct. Cl. No. 203-65, decided January 20, 1967.
IT IS, THEREFORE, ORDERED that defendant’s motion for summary judgment be and the same is granted, plaintiff’s cross-motion be and the same is denied and the petition is dismissed.
*758 2. Plaintiff’s petition, filed June 23,1966, contains no allegation that plaintiff appealed to the Board of Appeals and Review of the Civil Service Commission, or to the Commission itself, from the decision of the New York Region, Civil Service Commission, dated May 10,1965.
3. In its brief in support of its above-mentioned motion for summary judgment, defendant asserted that plaintiff did not appeal the May 10,1965, decision of the New York Region to the Board of Appeals and Review.
4. In his brief in support of his cross-motion for summary judgment, plaintiff stated that he agreed with defendant’s statement of facts except to the extent that that statement conflicted with allegations in plaintiff’s petition and in the documents and exhibits filed in the case. The only documents or exhibits then filed in this case were those attached to defendant’s motion and plaintiff’s cross-motion for summary judgment, none of which made any mention of any attempt on the part of the plaintiff to appeal to the Board of Appeals and Review.
5. On March 28,1967, plaintiff filed his petition for reconsideration and rehearing of the decision set forth in the above-quoted order of the court, entered March 24, 1967. Plaintiff stated in pertinent part as follows:
As plaintiff understands the Tucker Act, 28 USC 1491, plaintiff is entitled to a trial de novo -in this Court in the exercise of its judicial responsibilities under Article III of the Federal Constitution.
There is nothing in the Tucker Act which would deprive plaintiff of his right to a trial da novo on grounds of failure to exhaust administrative remedies, * * * the Civil Service Commission, New York Region, refused to take jurisdiction of plaintiff’s appeals upon what plaintiff alleges to be wholly erroneous grounds, i.e., voluntary application for disability retirement.
6. On March 31, 1967, plaintiff’s attorney wrote to the Board of Appeals and Review, Civil Service Commission, and requested that the Commission permit plaintiff to take “a further administrative appeal in order to exhaust his administrative remedies, which is the basis for the United States Court of Claims decision not to hear his case, per the *759 attached Order.” The letter indicated that a carbon copy was supplied to plaintiff personally.
7. On April 11, 1967, plaintiff filed a motion for leave to file a supplement to his petition for reconsideration and rehearing. The proposed supplement consisted of two affidavits, both dated March 29,1967, one executed by plaintiff, and the other by one Michael Gennone who did not appear as a witness at the trial. Plaintiff’s affidavit is to the effect that when he received the decision letter, dated May 10,1965, from the New York Eegional Office, he wrote on May 14,1965, to the Board of Appeals and Review of the Civil Service Commission, complaining of the dismissal of his appeal and requesting a determination.
8. By letter dated May 2, 1967, the Board of Appeals and Review advised plaintiff’s attorney that under Civil Service Commission regulations, plaintiff had 7 days from the decision dated May 10,1965, of the New York Regional Office to appeal to the Board, and that the Board could extend such time limit when a party shows that circumstances beyond the control of the party prevented the filing of the appeal within the time limit set. The Board granted plaintiff until May 22,1967, to show cause why plaintiff’s pending attempt to appeal to the Board should not be denied because of untimeliness.
9. On May 17, 1967, plaintiff’s attorney by letter replied to the Board, set forth the second of the above-quoted paragraphs of the May 10, 1985, decision letter of the New York Regional Office, and argued that such letter told plaintiff that he had no appeal rights, thus preventing a timely appeal. Plaintiff’s attorney further stated that plaintiff’s “failure to file a timely appeal was due in large part to official advice that he had no right of appeal.” However, there were attached to such letter and made a part thereof without further comment, copies of the affidavits of plaintiff and Mr. Gennone, and plaintiff’s attorney advised that they had been filed with the court as a proposed supplement to plaintiff’s petition for reconsideration and rehearing. Thus, the Board was apprised of plaintiff’s purported appeal letter of May 14,1965.
*760 10. On May 26, 1987, the court issued its order allowing plaintiff’s motion for leave to file supplement to his petition for reconsideration and rehearing, and it was further ordered:
* * * that the order entered herein on March 24,1967, be and the same is vacated and withdrawn and plaintiff’s petition for reconsideration and rehearing is allowed in that this case is remanded to the trial commissioner for trial on the issue of whether or not plaintiff has exhausted his administrative remedies.
11. On June 7, 1967, plaintiff filed his motion for call on the Department of the Navy for a transcript of the hearing held on Tuesday, March 23,1965, at the Applied Science Laboratory, Brooklyn, N.Y., on plaintiff’s complaint of religious discrimination.
This hearing was held by the agency as a result of plaintiff’s letter complaint, dated March 8,1965, to the Commanding Officer of the Laboratory, to the effect that his separation for disability resulted from the animosity held and discrimination practiced by his supervisors because of plaintiff’s religious convictions. In his appeal to the New York Regional Office, plaintiff advised that in addition to a rehearing on his separation for disability, he was requesting a rehearing of the agency hearing relating to his allegation that discrimination was the cause of his disability separation.
12. Defendant filed an objection to plaintiff’s motion for call on the grounds that the only issue to be tried was whether plaintiff exhausted his administrative remedies by appeal of the May 10, 1965, decision of the New York Regional Office to the Board of Appeals and Review.
Plaintiff’s motion for call was denied by the trial commissioner on June 16,1967, and no request for review by the court was filed.
13. On June 30, 1967, the Board of Appeals and Review declined to allow plaintiff’s request of March 31, 1967, for review of the May 10, 1965, decision of the New York Regional Office, stating in part as follows:
In view of the foregoing record, which shows that Mr. Feld made no effort to pursue his administrative appeal rights, or to ascertain what those appeal rights were, *761 prior to dismissal of Ms court suit, it must be concluded that Mr. Feld chose not to pursue his administrative remedies by appealing to the Board. Therefore, it is the decision of the Board that no basis exists for accepting the untimely appeal of March 31, 1967, from the previous decision of the New York Region, U.S. Civil Service Commission, dated May 10,1965, in Mr. Feld’s case. Accordingly, his request is denied.
14. On August 23,1967, defendant filed its motion for issuance of a subpoena duces tecum to require plaintiff to bring to the trial, then set for September 8, 1967, at Washington, D.C., a copy of the May 14,1965, letter to the Board of Appeals and Review, mentioned by plaintiff in his affidavit filed in this court as a supplement to his petition for reconsideration and rehearing. This motion was allowed by the trial commissioner, and a subpoena duces tecum was issued and served on plaintiff on September 6,1967.
15. At the trial session on September 8,1967, plaintiff was the only witness called. On direct examination by his attorney, plaintiff testified that he was the plaintiff in this case, that he received a copy of the May 10, 1965, decision letter of the New York Regional Office (in evidence as plaintiff’s exhibit 3), and that he appealed the action of the New York Region to the Board of Appeals and Review. He was then asked if he had a copy of the letter to the Board, and upon an affirmative reply, was requested to and did produce plaintiff’s exhibit 4. He then testified that such letter was composed and posted on May 14, 1965, and that Isaac Goins and Michael Gennone were present at the time. Plaintiff further stated that he never received any acknowledgment from the Board. Upon inquiry by his attorney, plaintiff stated the morning of trial was the first time he advised his attorney that he had the copy of the letter (plaintiff’s exHbit 4), and that plaintiff’s attorney had never seen the letter prior to that day.
On cross-examination, plaintiff stated that he typed the May 14,1965, letter himself at his home, where he had three or four typewriters at the time. He could not identify the brand of typewriter used, nor remember where he had purchased the typewriters. He said he found plaintiff’s exhibit *762 4 in a brown briefcase about a week ago. He didn’t advise Ms attorney of the find until the morning of trial. When asked why he didn’t, he responded “Why should I?” and “It seemed childish.” He couldn’t remember whether he still had the typewriter used on the questioned document, but stated that he presently had “one or two” typewriters, but when pressed as to which number, he could not say. He said that he had tried to send his attorney everything he had pertaining to his case. He denied that he prepared the questioned document within the past month, and asserted that he had prepared it on the date it bears, and had placed the original in the mailbox on that date. He stated he did not inquire from the Board as to why he had not received an acknowledgment because he had taken his discrimination complaint to the President’s Committee on Equal Employment Opportunity.
At the conclusion of the September 8,1967, trial session, the trial commissioner took possession of plaintiff’s exhibit 4 at defendant’s request to avoid its loss pending investigation of such document by the defendant. The trial commissioner set the second day of trial for a date in November 1967, with the understanding that defendant would proceed at that time with its testimony and evidence, and that at a subsequent date plaintiff could call Mr. Goins or Mr. Gennone or any other witness in rebuttal. On September 8,1967, the trial commissioner entered an order that plaintiff’s exhibit 4 be held by the clerk, not to be released to any person except on order of the court or the trial commissioner.
18. Plaintiff’s exhibit 4 is a carbon copy of a typewritten letter, dated “May 14,1965,” addressed to “Chairman, Board of Appeals, TJ.S. Civil Service Comm., Washington, D.C.,” with typewritten conclusion “Yours truly, Jerome Feld, 92 Powell St., Brooklyn 12, N.Y.,” reading in the body as follows:
I wish to complain to you of the arbitrary and improper action of your N.Y. Regional Office in refusing to review my separation from the Naval Applied Science Lab, here in Brooklyn. This decision is contained in their letter of May 10th, which leads me to infer that they have no jurisdication [sic] in this case.
This should not be so, since I was improperly and involuntarily dismissed after my Civil Service rights were *763 violated, and after I had filed my complaint of religious discrimination which is still pending with the President’s Committee on Equal Employment Opportunity.
Upon separation, I immediately filed my appeal with the Navy Department. Then since there is a time limit on filing for disability benefits under the law, I had no other alternative but to protect my rights and file for such benefits, not knowing how long my appeals would take. Not hearing from the Navy within the 60 day time limitation, I took my appeal over to the Civil Service Comm. Both the Navy and the Civil Service Comm., evidently did nothing to investigate my complaints and claims. Had they acted properly I might have been reinstated long before the April 22nd, decision of the Bur. of Betirement, which they seized upon to change by some mysterious beauty, which even today I do not understand, my Personnel Action form 50, from retirement disability to separation disability.
Based upon this hocus-pocus, they now claim they can not investigate my improper dismissal, nor do I have any further rights in this matter. I would therefore, request your office to review this matter, and order the N.Y. .Region to grant me my rights under present regulations.
17. Diligent search of the records of the Civil Service Commission was made in June 1967, and such search failed to disclose a letter of appeal from plaintiff to the Board of Appeals and Review, dated on or about May 14,1965.
18. The second trial session was held on November 27, 1967, at which plaintiff was represented by his attorney but did not appear in person. Plaintiff advised that he had no further testimony or evidence to offer. The only witness called was one by defendant, Mr. Warren Marshall, Special Agent, Federal Bureau of Investigation, a qualified expert in questioned documents. For the preparation of his testimony, plaintiff’s exhibit 4 (the questioned document) had been by order of the trial commissioner, released to defendant, and defendant had withdrawn other exhibits in evidence, all of which were returned in open court.
19. Mr. Marshall examined the following exhibits to make a comparison of the typewriting involved:
(a) Plaintiff’s exhibit 4, the questioned document, bearing date of May 14, 1965;
(b) Plaintiff’s exhibit 6, the original of the affidavit of *764 plaintiff, dated March 29,1967, which was attached to plaintiff’s supplement to his petition for reconsideration and rehearing filed in this case;
(c) Defendant’s exhibit 13, the original of a letter from plaintiff to his attorney, dated March 29, 1967;
(d) Defendant’s exhibit 12, photostatic copy of the original of a letter from plaintiff to the Employee-Management Relations Branch, Navy Department, dated May 10,1965;
(e) Defendant’s exhibit 14, photostatic copy of the original letter from plaintiff to the Vice President, dated February 19, 1965; and
(f) Defendant’s exhibit 15, photostatic copy of the original of the letter of appeal from plaintiff to the New York Regional Office, Civil Service Commission, dated April 12, 1965.
20. As is clearly established by the testimony of Mr. Marshall, plaintiff’s exhibit 6 and defendant’s exhibit 13, both typewritten in 1967, were prepared on the same typewriter as was the questioned document, plaintiff’s exhibit 4, purportedly written in 1965. This typewriter had elite type, spaced 12 letters to the inch. All three of the documents mentioned in this paragraph bore the same defects with respect to the imprint of alphabetical letters on the document, resulting from damage to or wear of the type, so plainly identical that the same typewriter must have been used.
It is also clearly established that the other three documents (defendant’s exhibits 12,14, and 15, all typewritten in 1965) were prepared on the same typewriter, but a different typewriter from that mentioned in the first paragraph of this finding. This second typewriter had pica-sized type, spaced 10 letters to the inch. Various defects in the imprint of letters were identical on these three documents.
Thus, it is apparent that the questioned document was prepared on the same typewriter which plaintiff used to type the 1967 documents, whereas a different typewriter was used by him to prepare the three documents prepared by him in 1965.
21. At the trial session on November 27, 1967, plaintiff’s attorney spontaneously stated for the record that plaintiff *765 “has specifically waived his right to be present at these proceedings this morning.”
The trial was completed that morning, without further testimony being offered, and without any request by plaintiff’s attorney for an opportunity to present any rebuttal testimony or evidence.
Ultimate FINDING oe Fact
22. Upon careful review of the entire record, and upon consideration of the demeanor of the witnesses, it is concluded that there is no credible evidence that plaintiff appealed from the May 10,1965, decision of the New York Regional Office to the Board of Appeals and Review of the Civil Service Commission, and that there was no abuse of discretion by the Board in denying as untimely plaintiff’s request of March 31, 1967, that the Board entertain an appeal.
CONCLUSION OE Law
Upon the foregoing findings of fact and opinion, which are adopted by the court and made a part of the judgment herein, the court concludes as a matter of law that plaintiff is not entitled to recover, and the petition is dismissed.