Civilian pay; dismissal; exhaustion of administrative remedies; tort claim.—On January 17, 1975 the court issued the following order:
*830 Before davis, Judge, Presiding, kashiwa and kttNzig, Judges.
“This case comes before the court on plaintiff’s motion, filed April 22, 1974, for partial summary judgment and defendant’s cross-motion, filed July 8, 1974, for summary judgment having been submitted on the briefs and oral argument of plaintiff, fro se, and counsel for defendant. Upon consideration thereof it is concluded that to the extent plaintiff seeks back-pay for an alleged illegal removal, he has not stated a proper claim in that he failed to exhaust his administrative remedy when he did not appeal to the Civil Service Commission’s Board of Appeals and Review from the second decision of the Commission’s Regional Office. Feld v. United States, 185 Ct. Cl. 754 (1968), cert. denied, 395 U.S. 903 (1969); Pine v. United States, 178 Ct. Cl. 146, 371 F. 2d 466 (1967); Adler v. United States, 134 Ct. Cl. 200, 146 F. Supp. 956, cert. denied, 352 U.S. 894 (1956). To the extent that plaintiff asks for damages, not back pay, for alleged wrongful acts of government officers in removing him and depriving him of alleged rights, the suit sounds in tort and cannot be maintained in this court. Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 428 F. 2d 1241 (1970); Martilla v. United States, 118 Ct. Cl. 177, 180-81 (1950). Plaintiff concedes that he has no remedy under the Federal Tort Claims Act, and there would therefore be no purpose in transferring the case to a District Court under 28 U.S.C. § 1506.
“it is therefore ordered that plaintiff’s motion for partial summary judgment is denied, defendant’s motion for summary judgment is granted and plaintiff’s petition is dismissed.”
Plaintiff’s motion for rehearing and suggestion for rehearing en banc were denied February 28,1975. On June 12,1975 plaintiff filed a petition for writ of certiorari.