"Pursuant to Rule 38(b), defendant moves to dismiss plaintiffs petition on the ground that this court lacks jurisdiction over the subject matter of this case.
"Plaintiff, a former civilian employee of the Department of the Army at Redstone Arsenal, Alabama, seeks money damages against the United States in the amount of $1,700,000, alleging that agents of both the Army and the United States Civil Service Commission ("CSC”) harassed him and invaded his privacy. Plaintiffs petition and *756 amended petition raise broad claims against the United States for invasion of privacy (wire tapping and secretive tape recording of plaintiffs conversations), trespass (entering plaintiffs home), battery (administering drugs to plaintiff without his consent) and duress (pressuring plaintiff to resign from his job).
"To the extent that plaintiffs allegations may state any cause of action, such cause of action sounds in tort and exceeds this court’s subject matter jurisdiction. The Tucker Act of 1887, codified as 28 U.S.C. § 1491 (1970), confers jurisdiction upon this court whenever a substantive right enforceable against the United States for money damages exists. United States v. Testan, 424 U. S. 392 (1976); United States v. King, 395 U. S. 1 (1969). However, § 1491 expressly denies this court jurisdiction over all claims sounding in tort. Since all of plaintiffs claims against defendant sound in tort, including plaintiffs allegation of coercion into job resignation, any damages claimed by plaintiff through these causes of action are not subject to recovery in this court because we lack jurisdiction over the subject matter. See Schillinger v. United States, 155 U. S. 163 (1894); Kaye v. United States, 206 Ct. Cl. 829, cert. denied, 423 U.S. 859 (1975); Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, 428 F. 2d 1241 (1970).
"Nevertheless, even if the court were to construe one portion of plaintiffs claim as alleging a cause of action based upon involuntary resignation, plaintiff failed to exhaust his administrative remedies. If plaintiff was coerced into resigning his job, plaintiff had the right to appeal to the CSC under 5 C.F.R. § 772 (1976). Since plaintiff made no attempt to file such an appeal and has not presented to us any exceptional or unusual circumstances for such failure, plaintiff failed to exhaust available administrative remedies; therefore, that portion of plaintiffs petition would be dismissed. See Blackmar v. United States, 173 Ct. Cl. 1035, 354 F. 2d 340 (1965); Adler v. United States, 134 Ct. Cl. 200, 146 F.Supp. 956, cert. denied sub nom. Baker v. United States, 352 U. S. 894 (1956). For the foregoing reasons,
"it is ordered that defendant’s motion to dismiss plaintiffs petition for failing to state a claim within the *757 jurisdiction of this court be and is hereby granted and that plaintiffs petition and amended petition be and are hereby dismissed.”