"This case comes before the court, without oral argument, on defendant’s motion for summary judgment. Plaintiff was a GS-14 Aerospace Technician at the Lyndon B. Johnson Space Center, at Houston, Texas. In April 1973 he was notified that due to a reduction-in-force he would be separated effective June 1, 1973. In May 1973 he appealed his RIF to the Dallas Regional Office of the Civil Service Commission, alleging both that the RIF was procedurally defective and that it resulted from management’s desire to remove him for personal reasons. Shortly thereafter the Commission requested plaintiff to provide, within seven days, additional information as to his allegations. He never responded to that request, perhaps because his RIF notice was almost immediately amended to reassign him to a GS-5 position in lieu of separation (a reassignment he accepted).[1]
"When the Commission did not hear from plaintiff, it wrote him (in September 1973) that his appeal was cancelled for failure to prosecute. He did nothing until two years later when, in September 1975, he petitioned the Civil Service Commission to reopen his administrative appeal, resting on his 'misinterpretation of the [Commission’s] letter’ requesting additional information 'together with the contemporaneous amendment of the new RIF notice and the necessity of adjusting to his new assignment,’ as reasons why he did not furnish the information *820 the Commission had sought. The Commissioners refused (in October 1975) to reopen, saying that 'Mr. Walker has not exhausted his administrative appeal rights and has not pursued the matter with due diligence.’
"This suit was filed on May 17, 1976. The defendant has moved for summary judgment, mainly on the grounds that (1) plaintiff has failed to exhaust his administrative remedies, and (2) the claim is outside this court’s jurisdiction. Plaintiff has not responded to the motion.
"The facts recited above show that the first ground of the motion is fully valid, and we therefore need not consider the second. Exhaustion of the administrative remedy was required. Martilla v. United States, 118 Ct. Cl. 177, 179-80 (1950). When plaintiff failed to comply with the Commission’s request for information, he failed to prosecute his proceeding before that body. 5 C.F.R. § 772.302. And when his case there was dismissed he failed to seek review of that dismissal by the Board of Appeals and Review. His very belated request to reopen did not show, as he was required to do, that his failure to proceed was due to 'circumstances beyond his control [which] prevented him from prosecuting his appeal’ (5 C.F.R. § 772.302 (1974), supra), and the Commissioners could properly conclude, as they did, that he had not exhausted his administrative remedies and had not 'pursued the matter with due diligence.’
"it is therefore ordered and concluded that the defendant’s motion for summary judgment is granted and the petition is dismissed.”
Plaintiffs motion for relief from judgment was denied September 30, 1977.

 He later received promotions to a GS-12 position.