This claim for travel and relocation expenses is before the court on defendant’s motion for summary judgment, opposed by plaintiff. Upon the basis of the parties’ submissions, and other papers, but without oral argument, we grant defendant’s motion for summary judgment and dismiss the petition.
Plaintiff is employed by the Equal Employment Opportunity Commission (EEOC) as a Supervisory Equal Opportunity Specialist. In early 1974, plaintiff was transferred from his position with the United States Postal Service in *622 Jamaica, New York, to the EEOC in Baltimore, Maryland, and moved with his family to Maryland. Plaintiff filed his petition with this court in October 1976 alleging the EEOC had failed to reimburse him fully for his travel and relocation expenses. The claims as presented in plaintiffs initial petition may be summarized as follows:
(1) $694.36 as further claimed expenses incurred in transporting his household goods and personal effects.
(2) $1,069.17 representing subsistence expenses of his immediate family for a period of 30 days from June 19, 1974, to July 19, 1974.
(3) $1,224.55 representing expenses incurred in selling a residence at his old duty station and purchasing a residence at his new duty station.
(4) $200.00 representing the maximum authorized miscellaneous expenses allowed for an employee with immediate family.
In "Plaintiffs Brief in Opposition to Defendant’s Motion for Summary Judgment,” filed November 29, 1978, plaintiff conceded to summary judgment in defendant’s favor on claims (1) and (2) described above. However, persisting in claims (3) and (4), plaintiff avers that the requisite documentation under EEOC regulations for claim (3) has been submitted and that the claim for item (4) requires no documentation. Defendant responds that plaintiff continues to refuse to supply supporting documentation for either of his remaining claims as the EEOC Travel Handbook requires.
Both of the remaining claims must be rejected. As to plaintiffs claim for $1,224.55 in expenses incurred in selling one residence and obtaining a new one, plaintiff does no more than aver that supporting documentation has been supplied. In reply defendant refers to the EEOC regulation set forth in the EEOC Travel Handbook, Ch. 11, para. 1102d(2) (September 1974 revision), specifically requiring documentation in this case. Furthermore, defendant offers the affidavit of the Supervisory Financial Documents Examiner at the EEOC, Mr. Willie King, the substance of which is that plaintiff has not submitted documentation supporting the alleged $1,224.55 expense. Nor does the record before this court contain substantiating documentation. This situation, where one party seeks *623 summary judgment and supports its motion with affidavits or other tangible evidence and the opposing party does nothing more than aver to the contrary, is covered by Rule 101(f) of the court’s Rules which states in part:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.
Granting summary judgment pursuant to this rule is clearly appropriate, herein, especially in light of plaintiffs refusal to submit documentation even after an order to do so from the Trial Judge in this case, Bradbie v. United States, Ct. Cl. No. 440-76 (Memorandum and Order Re Pretrial Conference, filed April 12, 1978).
Plaintiffs claim for $200 in miscellaneous expenses is also dismissed, but for a different reason. As plaintiff points out, the EEOC Travel Handbook provides that no supporting documentation is necessary to recoup these miscellaneous expenses. However, the King affidavit described above, uncontradicted by plaintiff, states that plaintiff has thus far failed to take even the initial step of submitting his voucher "with the item 'Miscellaneous expenses — $200.00’ set down.” Since plaintiff has yet to apply properly for the $200 reimbursement, such reimbursement has yet to be denied by the agency. Consequently, this claim must be dismissed for failure to exhaust administrative remedies. See, McNeill v. United States, 214 Ct. Cl. 755 (1977); Walker v. United States, 214 Ct. Cl. 819 (1977).
This court’s rejection of plaintiffs claim for miscellaneous expenses of $200 should not be read to preclude plaintiffs eventual recovery of this item. For defendant on page two of "Defendant’s Reply to Plaintiffs Brief in Opposition to Defendant’s Motion for Summary Judgment,” filed January 3, 1979, concedes that:
As to the $200.00 representing miscellaneous expenses plaintiff need only follow the instructions previously given him (see King Affidavit attached hereto as *624 Exhibit 1) and he will be reimbursed for any allowable expenses.
Since these miscellaneous expenses do not need to be "supported by receipts or itemized statements,” EEOC Travel Handbook Ch. 6, Section 5, para. 642a(2), if plaintiff will only submit the miscellaneous expense voucher with the general nature of the expense claimed, see "Defendant’s Motion for Summary Judgment,” filed July 19, 1978, in this case; King affidavit, supra, it appears that reimbursement will follow as a matter of course.
Accordingly, it is therefore ordered that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.